IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02129-RMR-KAS

SAM JACKSON,

    Plaintiff,

v.

KARLA BESTON, and
THE UNITED STATES OF AMERICA,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the **Renewed Motion to Dismiss** [#41],[1] filed by Defendant Karla Beston ("Beston") and the **Joint Motion to Strike Second Amended Complaint (ECF No. 64)** [#68] (the "Motion to Strike"), filed by Defendants Beston and the United States. Plaintiff, who proceeds as a pro se litigant,[2] did not file a substantive Response to either Motion [#41, #68].[3] The Motions [#41, #68] have been referred to the

---

[1] "[#41]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[3] Plaintiff, who received e-filing privileges on September 25, 2024, filed what he termed to be a Response [#44] to the Renewed Motion to Dismiss [#41] on October 3, 2024. However, the attached document is a blank state court motion form, and the entirety of Plaintiff's statement is made in the text entry portion of the filing, where he states: "i didn"t haer no respones from the defender on the judgement grant on there extended time to respond to my anwer Magistrate judge

undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#42, #70]. The Court has reviewed the Motions [#41, #68], the entire case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** that the Motions [#41, #68] be **GRANTED**.

## I. Background

Plaintiff filed this lawsuit on May 10, 2024, in Small Claims Court for Denver County, Case No. 24S00367. *Notice, Claim and Summons To Appear for Trial* [#1-1]. Therein, he appears to have sued three individuals: Karla Beston ("Beston"), Rose Casebolt ("Casebolt"), and Shawn Plourde ("Plourde"). *Id.* At the time of the events underlying the lawsuit, Ms. Beston worked as an Intake Specialist for the Colorado Civil Rights Division ("CCRD"). *Notice of Removal* [#1] ¶ 2 n.1. Ms. Casebolt worked as a Portfolio Management Specialist in the Office of Public Housing for the United States Department of Housing and Urban Development ("HUD"). *Id.* ¶ 1. Mr. Plourde worked as an Equal Opportunity Specialist for the Fair Housing and Equal Opportunity Office of HUD. *Id.* Plaintiff's statement of his claim in Small Claims Court simply states: "fail investigators emotion and distress discrimination disable harassment furniture loss."

---

Kathryn A.S Im sam jackson i would for my other case # 1:24-cv-02385-RTG jackson to run my both of my case ccurrence." *Response* [#44] (grammar, spelling, and punctuation as in original).

On January 9, 2025, Plaintiff also filed a Letter [#71] relating to Defendants' Motion to Strike [#68], wherein he states in relevant part: "I'm writing this motion to check the status of the defenders motion to strike to see why Judge Kathryn A.S, and Judge Regina M.R didn't response to the defender's motion. Request a hearing to be schedule at greater time for both parties. I'm asking the court to grant me the money injury that I request on my small claim complaint that been transfer to this court." *Letter* [#71] at 1 (grammar, spelling, and punctuation as in original). To the extent Plaintiff seeks a hearing on the Motion to Strike [#68], the Court is well-apprised of the issues and does not need a hearing to adjudicate that motion, and therefore the request is denied. To the extent Plaintiff seeks money damages on his claim, the request is denied without prejudice, given that this is the subject of his complaint and is better addressed through other procedure and filings in this lawsuit.

2

*Notice, Claim and Summons To Appear for Trial* [#1-1] at 2, 8-9. Plaintiff seeks $2,000.00 from each defendant. *Id.* On July 19, 2024, Ms. Beston filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [#8].

On August 1, 2024, the United States removed the case on behalf of Ms. Casebolt and Mr. Plourde. *Notice of Removal* [#1]. Along with the Notice of Removal [#1], the United States filed a Notice of Substitution of the United States as Defendant for Defendants Plourde and Casebolt [#2], which the Court formally effectuated on August 8, 2024. *Minute Order* [#12]. Thus, the United States and Ms. Beston are the current defendants in this matter.

On September 3, 2024, the United States filed a Motion to Dismiss [#18]. On September 9, 2024, Plaintiff filed an Amended Complaint [#20]. On October 1, 2024, Ms. Beston filed a Renewed Motion to Dismiss [#41]. On October 18, 2024, the Court issued a Minute Order [#56] which formally noted that Plaintiff's Amended Complaint [#20] had been properly filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) and was therefore the operative complaint.[4] The Court then denied the Unites States' Motion to

---

[4] The Court notes that Plaintiff filed what was termed as another Amended Complaint [#48] on October 10, 2024. However, the attached document is a single-page conferral email dated October 9, 2024, from counsel for the United States, and therefore is not actually a complaint, despite the text-entry title and Plaintiff's text-entry statement that, "in this complaint as a non attorney i will love for the judge to allow three more defenders into this case the properly manager Elizabeth rodriguez/mary beth white and aurora housing authority Breezy whetstine is one of the main defenders of why Mrs jackson file this civil action against the others defenders because of the damage they cause and injury they bought into my living hood.this why my other case is similar to this one. i will the judge too grants this complaint so i could get heard? your they stole 4 thousand dollars out my bathroom on the of sept 19,24 before 1:00 PM as the aurora police the department was there as the arapahoe small court grant a 100 feet protection order that arapahoe small court judge grant on the 19th of july and the new defenders still came into my apartment this is why Mr Sam jackson a non attorney that fighting so hard too get heard i when everywhere too find help and got terminated from legal services the head attorney she/he jessica. that hurt me so head that made me felt unhuman so i when talks to several house Representative like Rep mike wisemann?" [#48] (grammar, spelling, and punctuation as in original).

Dismiss [#18] as moot and extended the deadline to October 23, 2024, for the United States to answer or otherwise respond to the Amended Complaint [#20]. *Minute Order* [#56] at 4. Despite noting the propriety of the Amended Complaint [#20], the Court also stated:

> [T]he Court notes that the Amended Complaint [#20] contains *even less information* than his original Complaint [#7] and it does not direct any specific allegations against any specific individual. *See* [*Am. Compl.*] at 4. Plaintiff is advised that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).
>
> To the extent that Plaintiff may think that his Amended Complaint [#20] incorporated or added to the allegations in his original Complaint [#7], claims may not be strewn across multiple documents. *See* D.C.COLO.LCivR 15.1(b) (stating that a proposed amended pleading "shall not incorporate by reference any part of the preceding pleading"). Moreover, the Court will not permit piecemeal adjudication of Plaintiff's claims. He must include all claims and factual allegations he seeks to assert against all defendants he intends to name in one document.

*Id.* at 2. Thus, "given the Court's explanation of what a complaint must generally contain, to the extent that Plaintiff wishes to file a Second Amended Complaint that addresses these concerns," the Court set a deadline of November 4, 2024. *Id.* at 3, 4. On November 1, 2024, Plaintiff filed a Second Amended Complaint [#64], and on November 13, 2024, the United States filed the Motion to Strike [#68] this filing. The Court later extended the deadline for the United States and Defendant Beston to answer or otherwise respond to the Second Amended Complaint [#64] to two weeks after their Motion to Strike [#68] is adjudicated. *Minute Order* [#73].

4

## II. Analysis

**A.     Motion to Strike [#68]**

Defendants argue that Plaintiff's Second Amended Complaint [#64] should be stricken for failure to comply with Fed. R. Civ. P. 15(a)(2),[5] D.C.COLO.LCivR 15.1(b),[6] and D.C.COLO.LCivR 7.1(a).[7] *Motion* [#68] at 4-5.

The Court's Minute Order [#56] allowing Plaintiff to file a Second Amended Complaint did not explicitly direct him to comply with these rules. Although Plaintiff, despite proceeding as a pro se litigant, should know and follow all applicable Federal Rules of Civil Procedure and the District of Colorado's Local Rules, he may well have been confused about whether, at least in this instance, he was permitted to file a Second Amended Complaint directly on the docket without first complying with the procedural requirements of Fed. R. Civ. P. 15(a)(2), D.C.COLO.LCivR 15.1(b), and D.C.COLO.LCivR 7.1(a).[8]

---

[5] Fed. R. Civ. P. 15(a)(2) provides: "**Other Amendments.** In all other cases [besides amending once as a matter of course], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

[6] D.C.COLO.LCivR 15.1(b) provides in relevant part: "**Amendment or Supplementation by Motion**. A party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added. Unless otherwise ordered, the proposed amended or supplemental pleading shall not incorporate by reference any part of the preceding pleading, including exhibits."

[7] D.C.COLO.LCivR 7.1(a) provides: "**Duty to Confer.** Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty."

[8] In any event, the Court notes that it rarely enforces D.C.COLO.LCivR 15.1(b) against pro se litigants who file handwritten pleadings, given the inherent difficulty in creating a "redlined" version of a pleading under such circumstances.

5

Nevertheless, even if the procedural requirements identified by Defendants had been met, Plaintiff has not even arguably complied with the Court's direction in its October 18, 2024 Minute Order [#56] regarding what must be in any amended complaint and, relatedly, has not met the requirements of Fed. R. Civ. P. 8(a)(2) and 8(d)(1).

Under Fed. R. Civ. P. 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." To that end, courts often advise pro se plaintiffs that "to state a claim in federal court, a complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163; *see also Minute Order* [#56] at 2 (advising Plaintiff of these requirements). These are "the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Nasious*, 492 F.3d at 1163. Relatedly, Rule 8(d)(1) provides that "[e]ach allegation" asserted in a complaint "must be simple, concise, and direct." This requirement on the part of a plaintiff then allows the defendants to comply with Rule 8(b)(1)(B), which requires the defendants to "admit or deny the allegations asserted against it by an opposing party."

Under Rule 8, the district court has the discretion to "dismiss a pro se complaint when, even liberally construed, it is 'incomprehensible.'" *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) (citing *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996) (affirming dismissal of pro se plaintiff's "incomprehensible" complaint for failure to comply with Rule 8); *Moser v. Oklahoma*, 118 F. App'x 378, 380-81 (10th Cir. 2004)

6

(similar)). Here, for the same reasoning, the Court finds that Plaintiff's Second Amended Complaint [#64] must be stricken.

Plaintiff's Second Amended Complaint [#64] includes none of the detail required by *Nasious* and, therefore, it does not comply with Rule 8's pleading requirements. It includes neither "a short and plain statement of the claim showing that the pleader is entitled to relief" nor a specific "demand for the relief sought" in the event Plaintiff prevails on the merits of his claim. Fed. R. Civ. P. 8(a)(2)-(3). The only relief sought by Plaintiff is for "the Court to order the defendants to pay for the harm alleged to have been suffered by the plaintiff." *Second Am. Compl.* [#64] at 5. The pleading is unclear about who is being sued. Although Plaintiff lists "Beston et al" in the first line of the caption, Plaintiff is unclear whether he is suing either of the current Defendants, given that he then lists Vincent Edward Morscher ("Morscher"), Erika A. Kelley ("Kelley"), and Michael J. Bishop ("Bishop") underneath, who are also the only three Defendants listed on the page providing "Defendant(s) Information." *Id.* at 1-2. In addition, the Court notes that these three persons do not appear to have any connection with the claims underlying Plaintiff's earlier pleadings; rather, Mr. Morscher and Mr. Bishop are counsel for Defendant Beston, and Ms. Kelley is counsel for Defendant United States. To further confuse the identity of any defendants, Plaintiff references "Defendant 1," "Defendant #2," and "Defendant #3" (and no others) and states that all of them are both individuals and corporations. *Id.* at 3-4. Finally, under the section titled "Statement of Claims," Plaintiff appears only to make three discovery requests for three categories of documents. *Id.* at 6.

In short, there are no allegations whatsoever about "what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and,

7

what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. "Vague or unintelligible pleadings violate Rule 8." *Kessler v. Mathis*, No. 25-cv-00181-LTB-RTG, 2025 WL 1147750, at *1 (D. Colo. Apr. 1, 2025) (further stating that "[v]ague and conclusory allegations that a plaintiff's rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings" (citing *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992))). "The general rule that pro se pleadings must be construed liberally has limits," *id.*, and that limit has been met here. Because the Court cannot discern the factual basis of Plaintiff's claim(s) in his Second Amended Complaint [#64], it must be stricken.[9]

Accordingly, the Court **recommends** that the Motion to Strike [#68] be **granted** and that Plaintiff's Second Amended Complaint [#64] be **stricken**.

**B.     Motion to Dismiss [#41]**

Given the Court's recommendation above that the Second Amended Complaint [#64] be stricken, the Court proceeds to address Defendant Beston's Renewed Motion to Dismiss [#41], which is directed at Plaintiff's Amended Complaint [#20]. Therein, she seeks dismissal of Plaintiff's claim against her pursuant to Fed. R. Civ. P. 12(b)(1). *Renewed Motion to Dismiss* [#41] at 1.

---

[9] Plaintiff also attaches a variety of documents to his Second Amended Complaint [#64] which are primarily comprised of emails from Breezy Whetstine, whose title is "Lead Housing Specialist," and emails which seem to have been written by and sent to himself, along with a September 2024 Writ of Restitution issued by the Arapahoe County Court. *See* [#64-1, #64-2, #64-3]. While these documents shed at least *some* light on Plaintiff's complaints, they still do not allow the Court to discern what each named Defendant did to Plaintiff, when each one did it, and how each one's actions allegedly harmed him. *Nasious*, 492 F.3d at 1163.

8

1. **Legal Standard**

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

A Rule 12(b)(1) challenge may take two different forms. "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023) (citation omitted). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)).

2. **Analysis**

Plaintiff's Amended Complaint [#20] provides no factual allegations against Defendant Beston. Under "Statement of Claims" and "Claim One," Plaintiff merely refers the Court to documents in another case he filed in the District of Colorado, No. 24-cv-

9

02385-LTB-RTG, which has since been closed. However, based on the attachments to the Amended Complaint [#20], the original Complaint [#7], and the overall statements that have been made by Plaintiff throughout this case, Defendant Beston very liberally construes the Amended Complaint [#20] to assert a negligence claim against her in her official capacity based on the CCRD's alleged failure to properly investigate a housing discrimination complaint filed by Plaintiff. *Renewed Motion to Dismiss* [#41] at 3, 5, 7-8. Given the limited information before it, the Court agrees that this is a reasonable interpretation of Plaintiff's claim, and Plaintiff has not submitted a response or other filing to clearly indicate that his intent was otherwise.

Defendant Beston argues that the Court lacks subject matter jurisdiction over this claim and that dismissal is therefore appropriate pursuant to the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-106, because (1) "Plaintiff failed to file a timely CGIA notice of claim, as required by C.R.S. § 24-10-109, and (2) Plaintiff has not identified a waiver of governmental immunity under the CGIA, and no waiver applies." *Renewed Motion to Dismiss* [#41] at 4. The Court begins with Defendant Beston's second argument.

      **a.**    **Waiver**

The CGIA "establishes governmental immunity from suit against public entities and their employees in tort cases, but then waives immunity under certain circumstances and also provides exceptions to certain waivers." *Springer v. City and County of Denver*, 13 P.3d 794, 798 (Colo. 2000) (citing Colo. Rev. Stat. § 24-10-106, and discussing history of governmental immunity law in Colorado). In part, the CGIA provides that "a public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort

10

regardless of whether that may be the type of action or the form of relief chosen by the claimant," subject to waiver for certain categories of injuries. Colo. Rev. Stat. § 24-10-106(1). "Whether the CGIA applies to protect the government from suit is a question of subject matter jurisdiction[.]" *Maphis v. City of Boulder*, 504 P.3d 287, 291 (Colo. 2022) (citations omitted).

Here, Plaintiff has not identified a waiver of immunity that might apply to his negligence claim. The Court has independently examined Colo. Rev. Stat. § 24-10-106, which provides the circumstances under which the CGIA waives sovereign immunity, and none of those exceptions clearly, or even arguably, appear to apply to an alleged failure by Defendant Beston and/or the CCRD to initiate or properly conduct an investigation into a housing discrimination complaint. Thus, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim against Defendant Beston.

### b. Notice

Even if an applicable CGIA waiver existed, Plaintiff's claim would still fail on an alternative basis. To pursue a claim against a Colorado governmental entity or public employee, a claimant must file a statutorily compliant written notice within 182 days of the date of the injury's discovery. This notice is not a mere formality—it is a jurisdictional prerequisite. *See* Colo. Rev. Stat. § 24-10-109(1) ("Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action."), § 24-10-118(1)(a) (applying the notice requirements to actions against public employees). Thus, failure to comply with the CGIA's notice provisions deprives the court of subject matter jurisdiction over the claim. *See, e.g., Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey*, 8

11

P.3d 1200, 1206 (Colo. 2000) (citing *E. Lakewood Sanitation Dist. v. Dist. Court*, 842 P.2d 233, 236 (Colo. 1992)); *Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 924 (Colo. 1993). To avoid dismissal, a plaintiff must plead compliance with the CGIA's notice provisions in his complaint. *McKenzie v. City and County of Denver*, No. 21-cv-00833-PAB-STV, 2023 WL 5488465, at *8 (D. Colo. July 21, 2023) (citing *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003)); *L.J. v. Carricato*, 413 P.3d 1280, 1288 (Colo. App. 2018) ("The plaintiff bears the burden of proving jurisdiction.") (citation omitted).

Here, Plaintiff has not pleaded compliance with the CGIA's notice provision, either in the Amended Complaint [#20] or anywhere else on the docket of which the Court is aware. Because he has not done so, his negligence claim is barred. *See, e.g.*, *Dockery v. City of Greeley*, No. 23-cv-00047-RM-KAS, 2024 WL 3936655, at *7 (D. Colo. Aug. 26, 2024).

Accordingly, the Court **recommends** that Defendant Beston's Motion [#41] be **granted** and that Plaintiff's claim against Defendant Beston be **dismissed without prejudice**. *Aspen Orthopaedics*, 353 F.3d at 842 (reversing and remanding with instructions to dismiss three claims without prejudice due to the plaintiffs' failure to plead compliance with the CGIA); *see also Eagar v. Drake*, 829 F. App'x 878, 885 (10th Cir. 2020) ("'Dismissals for lack of jurisdiction [are] without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.'") (alterations in original) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)).

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motions [#41, #68] be **GRANTED**, that Plaintiff's Second Amended Complaint [#64] be **STRICKEN**, and that Defendant Beston be **DISMISSED** from this action.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 11, 2025					BY THE COURT:

							Kathryn A. Starnella
							United States Magistrate Judge

13